UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**CHRISTIN D. DIDIER**,

Debtor.

Case No. **07-60849-7**

# MEMORANDUM OF DECISION

At Butte in said District this 5th day of March, 2010.

Pending in this Chapter 7 case is the Trustee's Motion (Docket No. 333) for Order requiring the Debtor to vacate real property located on Flathead Lake at 1263 Lakeshore Drive[1], Rollins, Montana. The Debtor Christin D. Didier objected (Dkt. 341) on the grounds 1263 Lakeshore Drive is owned a the C.D. Didier Family Trust (hereinafter the "Trust") and is not property of the estate. A hearing on the Trustee's Motion was held at Missoula on February 16, 2010. The Trustee Darcy M. Crum appeared in support of the Motion. Debtor Christin D. Didier ("Debtor" or Didier") appeared by videoconference and testified, represented by attorney James A. Patten of Billings, Montana. Exhibits ("Ex.") A and B were admitted into evidence. At the close of the hearing the Court took the Motion under advisement. After review of the record and applicable law, the Debtor's objection is overruled and the Trustee's Motion for Order requiring Debtor to Vacate is granted for the reasons set forth below.

This Court has jurisdiction in this case under 28 U.S.C. § 1334(a). The Trustee's Motion

---

[1]The legal description is stated further in the Motion as: "Crescent Beach Lot 15 – Section 29, Township 25 N, Range 20 W."

for Order requiring Christin to vacate the property is a core proceeding under 28 U.S.C. § 157(b)(2)(E) involving orders to turn over property of the estate. The Trustee's Motion to require the Debtor to vacate and turn over property of the estate is procedurally proper under F.R.B.P. Rule 9014(a) and Rule 7001(1)[2]. This Memorandum includes the Court's Findings of Fact and Conclusions of Law.

## FACTS

Christin filed a voluntary Chapter 11 petition on July 24, 2007, and filed Schedules and a Statement of Financial Affairs ("SOFA"), signed by Christin under penalty of perjury declaring that she read them and that they are true and correct, on August 27, 2007. On Schedule A the Debtor lists the property at 1263 Lakeshore Drive in Rollins, Lot 15, with a current value of $550,000. The Debtor described the Nature of Debtor's Interest in Property" of Lot 15 as "Owner" and did not indicate that it was jointly owned. However, in parentheses under the property description for Lot 15 is the phrase "Owned by CD Didier Family Trust."

Christin testified that the Trust owns Lot 15. She testified that she signed Ex. A which established the Trust, and that she is both the Trustor identified in Ex. A and the Trustee of the Trust. Lot 15 is described as the real estate transferred into the Trust on page 2, and Ex. A states: "The property is to be used for the Didier family enjoyment ...." Christin testified that when Ex. A was drafted it was written for her family, and she believes that Lot 15 belongs to her family. Christin testified that she conveyed Lot 15 to the Trust by the quitclaim deed admitted as Ex. B, dated May 17, 2005. Ex. B names the grantee as the "C.D. Didier Family Trust" and was

---

[2]Rule 7001(1) provides that a proceeding to recover money or property is an adversary proceeding, "other than a proceeding to compel the debtor to deliver property to the trustee ...."

2

recorded in Lake County, Montana, on May 20, 2005.

Ex. A provides that the Trust is irrevocable until terminated by either the sale of the property, 100% of the beneficiaries vote to terminate, or January 1, 2075. At termination all the trust corpus and income shall be disbursed "outright to the then existing beneficiaries in amounts pro rata to each beneficiary's trust ownership." Ex. A, p. 3. Ex. A provides further: "In the event a beneficiary dies while the trust remains in existence, that deceased beneficiary's share shall be passed equally to the surviving beneficiary's children. If Christin Didier does not have living children, then all living nieces and nephews of Christin D. Didier shall become the beneficiaries of this trust." Ex. A, p. 3. Christin testified that she has no children but that she has four nieces and nephews.

The Trustee is given all powers and authority of trustees as provided at MONT. CODE ANN. ("MCA") § 72-33-101 *et seq.* Paragraph 7 of Ex. A states: "The beneficiary of this trust shall be Christin D. Didier." Christin testified that she is not legally incapacitated. Based on Christin's testimony, the Court finds that Christin is the Trustee, Trustor, and sole beneficiary of the Trust on the date she filed her Chapter 11 petition.

The Debtor did not list any interest in the Trust on Schedule B. At item 19 on Schedule B calling for equitable or future interests, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A is marked "None," as is item 20 which calls for a description of "Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust." The SOFA, at item 14 "Property held for another person" does not list Lot 15 or the Trust.

Debtor's Chapter 11 Plan (Dkt. 60) at page 4 listed Lot 15 as real property, and on page 5

proposed to refinance or liquidate Lot 15 along with other real property and pay the proceeds to allowed claims. The Amended Plan (Dkt. 74) proposes the same treatment of Lot 15, as does the Second Amended Plan (Dkt. 90), and the Third Amended Plan (Dkt. 133). Lot 15 is listed among the Debtor's assets on page 8 of the Fourth Amended Disclosure Statement (Dkt. 156).

The Debtor's Chapter 11 Plan was confirmed, but the case was converted to Chapter 7 on July 21, 2009, and Crum was appointed as Chapter 7 Trustee. Dkt. 257. Amended Schedules and SOFA were filed on August 25, 2009 (Dkt. 270), again signed by Christin under penalty of perjury. Schedule A was amended to list Christin as "Fee Owner" of Lot 15 at 1263 Lakeshore Drive, and the reference to the Trust was removed. The amendment to Schedule B did not add any interest in the Trust, and likewise no reference to the Trust was added to the amended SOFA.

The Trustee filed her Motion on January 27, 2010, on the grounds that Christin has removed a "For Sale" sign from the property, refused to allow the Trustee or realtor to inspect the house on Lot 15, and frustrated her attempts to change the locks and show the house for sale[3].

## DISCUSSION

The Trustee contends that the Debtor's plans and disclosure statements contemplated selling 1263 Lakeshore Drive to fund her plan, that she never disclosed the Trust, and that the Trust is a self-settled trust invalid under MCA § 72-33-305(1)(A) [sic][4]. The Debtor contends

---

[3]At a hearing held on March 3, 2010, Christin testified that she has not occupied the house on Lot 15 for weeks, but that she rents it to her brother for $600 per month, and that the dogs on the property are his.

[4]Section 72-33-305(1) provides: "If the trustor is a beneficiary of a trust created by the trustor and the trustor's interest is subject to a provision restraining the voluntary or involuntary transfer of the trustor's interest, the restraint is invalid against transferees or creditors of the trustor. The invalidity of the restraint on transfer does not affect the validity of the trust."

simply that Lot 15 is owned by the Trust and is not property of the estate, and Christin testified that the Trust made Lot 15 belong to her family.

Christin's testimony is contradicted by her sworn Schedules. In particular, her amended Schedule A lists her as "fee owner" of Lot 15, and removed the parenthetical reference to the Trust. Also, the Debtor never listed her interest as beneficiary of the Trust on Schedule B, even after amendment. Ex. A, which established the Trust, names Christin as Trustor, Trustee, and the sole beneficiary of the Trust.

Section 541(a) of the Bankruptcy Code defines "[p]roperty of the estate" to include "all the following property, wherever located and by whomever held:"

> (1) . . . all legal *or* equitable interests of the debtor in property as of the commencement of the case.

In discussing the broad definition of "property of the estate", this Court wrote:

> Section 541(a)(1) of the Bankruptcy Code is intended to include in the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Campbell (Balyeat Law Offices v. Campbell)*, 14 Mont. B.R. 132, 140-41 (9th Cir. BAP 1995). In *Campbell* the BAP wrote:
>
>> The legislative history indicates that the scope of § 541(a)(1) is broad. *See United States v. Whiting Pools, Inc.*, 468 U.S. 198, 205 (1983). Section 541(a)(1) is intended to include in the estate any property made available to the estate by any other provisions of the Bankruptcy Code. *Id.* (*citing* H.R. Rep. No. 95-595, p. 367 (1977)). Several provisions in the Code permit the trustee to recover property in which the debtor did not have a possessory interest when the bankruptcy petition was filed. *See, e.g.,* 11 U.S.C. §§ 543, 544, 547 & 548; *Whiting Pools,* 462 U.S. at 205. Thus, "[a]n estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

5

*In re Weatherwax*, 16 Mont. B.R. 304, 308-09 (Bankr. D.Mont. 1997).

To determine the estate's interest in Lot 15, the Court must examine state law because state law determines the extent of a party's interests in property and when such interests expire. *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 244 (9th Cir. 1988). *See also Nobelman v. American Savings Bank*, 508 U.S. 324, 329 (1993) ("In the absence of a controlling federal rule, we generally assume that Congress has 'left the determination of property rights in the assets of a bankrupt's estate to state law,' since such '[p]roperty interests are created and defined by state law.' *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). *See also Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992)").

The Debtor argues that because she conveyed Lot 15 to the Trust by Ex. B it is not property of the estate. That argument fails, however, whether or not the Court finds that the Trust is valid. If the Trust is not valid, then Lot 15 is property of the estate and subject to administration by the Trustee, similar to what the Debtor intended in her numerous chapter 11 plans which proposed to sell or refinance Lot 15 to pay creditors.

Even if the Court were to find the Trust valid the Trustee's Motion must be granted, for the simple reason that under Ex. A Christin was the Trustor, Trustee, and sole beneficiary of the Trust. Under the broad scope of § 541(a), all Christin's rights, powers and authority under Ex. A became property of the estate. Lot 15 is not excluded from the estate under § 541(b)(1) because that subsection excludes from property of the estate "any power that the debtor may exercise for the benefit of an entity *other than the debtor[.]"* (Emphasis added). Therefore, exercising Christin's powers as Trustee, Ex. A explicitly authorizes the Trustee Crum to sell Lot 15 under paragraphs 2 and 3.

6

Christin's testimony that Lot 15 belongs to her entire family under the Trust is contradicted by her own evidence, Ex. A, which names her the sole beneficiary. Didier's nieces and nephews would have rights in the property, under Ex. A, only if the contingency of her death occurred and she had no children. Christin is not deceased, and therefore all of the rights in the subject property under Ex. A remain hers. Under § 541(a)(1) and § 541(d)[5], all of Christin's legal and equitable interests as beneficiary of the Trust became property of the estate when she filed her bankruptcy petition. *In re Advent Management Corp.*, 104 F.3d 293, 295 (9th Cir. 1997).

Under Ex. A Christin is the Trustor, Trustee and sole beneficiary. While she argues that Lot 15 is intended under the Trust to belong to her entire family, she failed to provide as much in Ex. A, and instead retained all legal and equitable interest and the right to sell Lot 15. Those rights and powers would become, if the Trust is valid, property of the estate and subject to administration by the Trustee.

The Court concludes as a matter of law that Lot 15 is property of the estate regardless of the validity of the Trust, and the Trustee's Motion for Order requiring the Debtor to vacate Lot 15 must be granted.

**IT IS ORDERED** a separate Order shall be entered overruling the Debtor's objection (Dkt. 341), granting the Trustee's Motion for Order Requiring Debtor to Vacate Property (Dkt. 333), ordering the Debtor Christin Didier and any other persons occupying 1263 Lakeshore Drive

---

[5]Section 541(d) provides in pertinent part: "Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . ., becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

in Rollins, Montana, to immediately vacate the property, and authorizing the Trustee or her representative or the sheriff to enter into and take sole possession and control of the real property and fixtures at Crescent Beach Lot 15, Section 29, Township 25N, Range 20W, a/k/a 1263 Lakeshore Drive, Rollins, Montana.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana